JUN 10 2026 PM1:12
FILED USDC-CT-HARTFORD

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

# UNITED STATES DISTRICT COURT

for the

## District of Connecticut

## Division

| | |
|---|---|
| KADEJAH HENDERSON | Case No. _____ |
| *Plaintiff(s)* | *(to be filled in by the Clerk's Office)* |
| *(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | Jury Trial: *(check one)* ☑ Yes ☐ No |
| -v- | |
| TELISHA JONES, TJM INC., & HALLWOOD MEDIA | |
| *Defendant(s)* | |
| *(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | |

# COMPLAINT FOR A CIVIL CASE

## I.    The Parties to This Complaint

### A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | KADEJAH HENDERSON |
| Street Address | 141 WESTON STREET SUITE 114 |
| City and County | HARTFORD |
| State and Zip Code | CT, 06141 |
| Telephone Number | 323-391-4207 |
| E-mail Address | KADES.MODE@GMAIL.COM |

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

## B.    The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | TELISHA JONES TJM INC. |
| Job or Title *(if known)* | SONG WRITER |
| Street Address | 120 Space Park Dr, Suite 305 |
| City and County | Nashville |
| State and Zip Code | TN, 37211 |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 2

| | |
|---|---|
| Name | HALLWOOD MEDIA |
| Job or Title *(if known)* | LABEL/MANAGEMENT |
| Street Address | 9000 W. Sunset Blvd, Suite 1500 |
| City and County | Hollywood |
| State and Zip Code | CA, 90069 |
| Telephone Number | |
| E-mail Address *(if known)* | Neil@hallwood.com, Romel@daidrm.com |

Defendant No. 3

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 4

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |

Page of 7

| | |
|---|---|
| City and County | _____ |
| State and Zip Code | _____ |
| Telephone Number | _____ |
| E-mail Address *(if known)* | _____ |

## II.    Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power).  Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case.  In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☑  Federal question          ☑  Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A.    If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

**15 U.S.C. § 1125(a) — Section 43(a) of the Lanham Act (Federal False Endorsement)**

**28 U.S.C. § 1331 — Federal Question Jurisdiction**

**28 U.S.C. § 1367 — Supplemental Jurisdiction**

_____

### B.    If the Basis for Jurisdiction Is Diversity of Citizenship

1.    The Plaintiff(s)

a.    If the plaintiff is an individual

The plaintiff, *(name)*   Kadejah Henderson                , is a citizen of the State of *(name)*        Connecticut                .

b.    If the plaintiff is a corporation

The plaintiff, *(name)* _____, is incorporated under the laws of the State of *(name)* _____,

and has its principal place of business in the State of *(name)*

_____.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

## 2. The Defendant(s)

a. If the defendant is an individual

The defendant, *(name)* ___Telisha Jones dba TJM Inc.___ , is a citizen of
the State of *(name)* ___Tenesee___ . Or is a citizen of
*(foreign nation)* _____ .

b. If the defendant is a corporation

The defendant, *(name)* ___Hallwood Media___ , is incorporated under
the laws of the State of *(name)* ___California___ , and has its
principal place of business in the State of *(name)* ___California___ .
Or is incorporated under the laws of *(foreign nation)* _____ ,
and has its principal place of business in *(name)* _____ .

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

## 3. The Amount in Controversy

**The amount in controversy the amount the plaintiff claims the defendant owes or the amount at stake--is more than $75,000, not counting interest and costs of court, because** *(explain)*:

The amount in controversy exceeds $75,000, exclusive of interest and costs, because the Defendants utilized Plaintiff's exact physical facial likeness as the primary cover art, metadata identity, and promotional imagery for the viral commercial album *Unfolded*. This project achieved substantial commercial success, charting in the top 30 of the Billboard charts and generating millions of commercial streams across global digital service providers.

The damages sought include substantial retroactive commercial modeling and brand licensing fees for a global campaign, the disgorgement of significant streaming revenues and profits wrongfully earned by the Defendants through the exploitation of Plaintiff's identity, and punitive damages for willful misappropriation. The financial value of these cumulative claims far exceeds the statutory threshold.

## III.    Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

**The Infringement:** On or around August 8, 2025, Defendants jointly released, distributed, and commercially marketed a 24-track music album titled *Unfolded* by the AI-generated persona "Xania Monét" across all global digital streaming platforms (including Spotify and Apple Music), using Plaintiff's exact physical facial likeness as the primary cover art and marketing imagery without Plaintiff's knowledge, written consent, or compensation.
**Defendant Telisha Jones's Involvement:** Defendant Telisha Jones, acting individually and through TMJ Inc., physically created, rendered, or caused to be generated the digital imagery featuring Plaintiff's stolen face. Defendant Jones then leveraged this likeness to conduct a national media tour—including broadcast appearances on *CBS Mornings* and *The Tamron Hall Show*—directly capitalizing on Plaintiff's visual identity to generate massive viral publicity and a reported multi-million dollar valuation for her AI character.
**Defendant Hallwood Media's Involvement:** Defendant Hallwood Media, LLC, acting as the commercial record label and distributor, knowingly accepted the infringing artwork from Defendant Jones and published, distributed, and monetized the album cover globally. Hallwood Media continues to collect commercial streaming revenues, royalties, and digital sales directly derived from the exploitation of Plaintiff's brand identity.
**Claim 1 - Federal False Endorsement (15 U.S.C. § 1125(a)):** Defendants' unauthorized commercial use of Plaintiff's distinct facial likeness in interstate commerce creates widespread consumer confusion and falsely misleads the public, media outlets, and industry peers into believing Plaintiff endorses, is affiliated with, or forms the physical basis of the AI performer Xania Monét.
**Claim 2 - Violation of Right of Publicity (N.Y. Civil Rights Law §§ 50-51):** Defendants willfully, knowingly, and intentionally used Plaintiff's portrait and picture within the State of New York and nationwide for advertising and trade purposes without obtaining prior written consent, directly violating Plaintiff's statutory rights.
**Claim 3 - Misappropriation of Likeness (Connecticut Common Law):** Defendants intentionally appropriated Plaintiff's unique facial features within the State of Connecticut for their own corporate advantage and commercial profit, destroying Plaintiff's exclusive control over her own professional brand architecture and causing measurable economic and reputational harm.

## IV.    Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

**Order for Compulsory Credit & Attribution:** An order compelling Defendants to provide prominent, permanent visual cover credit, metadata credit, and marketing attribution to Plaintiff Kadejah Henderson PKA Kadesmode as the official physical likeness basis for the album *Unfolded* across all global digital streaming platforms (including Spotify, Apple Music, YouTube Music, and Tidal) and all physical promotional materials; **Compensatory & Actual Damages:** An award of actual financial damages, including a reasonable retroactive commercial modeling and brand licensing fee for the unauthorized exploitation of Plaintiff's identity from the date of the album's release to the present; **Ongoing Commercial Royalty Structure:** The establishment of an ongoing, court-monitored commercial royalty percentage derived from all future streams, sales, and synchronization licensing revenues generated by the *Unfolded* album project, to compensate Plaintiff for the continuous use of her brand architecture; **Disgorgement of Profits:** An order requiring Defendants to account for and disgorge all past profits, revenues, and corporate advances earned through the viral marketing and distribution of the album achieved by leveraging Plaintiff's face; **Punitive and Exemplary Damages:** An award of punitive damages under applicable state law for the Defendants' willful, knowing, and reckless disregard of Plaintiff's rights after being explicitly notified of the unauthorized use; **Other Relief:** Any such other and further relief as this Court deems just, proper, and equitable.

## V.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:        06/06/2026

Signature of Plaintiff

Printed Name of Plaintiff        Kadejah Henderson

### B.    For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Page of 7

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

Street Address        _____

State and Zip Code    _____

Telephone Number      _____

E-mail Address        _____

# III. STATEMENT OF FACTS

1) Plaintiff Kadejah Henderson is an individual residing in the State of Connecticut and is a professional music artist, songwriter, and brand designer. Plaintiff is a high-profile public figure, having served as the former Miss Black New York USA, a Miss New York USA Finalist, and a prominent Hartford civic figure who won Hartford's Best contest over the former Mayor. Plaintiff is an established social media influencer with an active online presence since 2006, accumulating over 5 million views.

2) Defendant Hallwood Media is a music management, publishing, and record label entity operating in the music industry and conducting widespread commercial activities across the United States, including the State of Connecticut.

3) Defendant TMJ Inc. is a corporate entity acting as the primary creation and ownership vehicle for the artificial intelligence (AI) digital avatar and musical persona known publicly as "Xania Monét."

4) Before the commercial release of the project, Defendant Telisha Jones had direct access to Plaintiff's distinct photographic image and brand materials through professional channels and public industry portfolios.

5) On or around August 8, 2025, Defendants Hallwood Media and TMJ Inc. jointly released, distributed, and commercially exploited a 24-track commercial studio album titled *Unfolded*, credited to the AI-generated performer Xania Monét.

6) The album *Unfolded* was distributed by Defendants globally and made available for commercial streaming and digital purchase across all major Digital Service Providers (DSPs), including Apple Music, Spotify, YouTube Music, Tidal, and Amazon Music.

7) The primary visual cover art and promotional materials utilized by the Defendants to package, advertise, and sell the album *Unfolded* prominently display the exact physical facial likeness and features of the Plaintiff.

8) The release and commercialization of the AI persona Xania Monét went viral across global social media networks, sparking widespread public debate, industry commentary, and intense digital media scrutiny regarding the ethics of generative AI music.

9) To further capitalize on this viral momentum and commercially exploit the project, Defendant Telisha Jones engaged in a high-profile, nationwide media tour, appearing on major national broadcasts including *CBS Mornings with Gayle King* and *The Tamron Hall Show*.

10) Throughout these national television appearances, extensive print profiles, and coordinated social media campaigns, Defendants prominently displayed the *Unfolded*

album artwork, and consequently, the Plaintiff's stolen facial likeness, to millions of viewers worldwide.

11) The massive viral reach and national media exposure generated substantial commercial value and a reported multi-million dollar record deal for the Defendants, achieved entirely by leveraging the visual identity and physical face of the Plaintiff without authorization or compensation.

12) The unauthorized utilization of Plaintiff's distinct facial likeness on the *Unfolded* album cover was so highly recognizable that it immediately attracted mainstream press and media attention, including specific news articles and industry publications that publicly identified the face on the album as that of the Plaintiff.

13) This extensive media coverage and public identification by news outlets serves as direct, empirical evidence of widespread consumer confusion, proving that members of the public, media professionals, and music industry peers directly associate Plaintiff's physical identity and brand with the Defendants' commercial AI project.

14) The digital imagery utilized on said commercial album cover constitutes an unauthorized, explicit replication of the Plaintiff's actual physical face, misappropriated without Plaintiff's knowledge, background clearance, or execution of a release form.

15) At no point in time did Plaintiff grant written or oral consent, assignment, license, or permission to Defendant Hallwood Media, Defendant TMJ Inc., or any agent acting on their behalf to utilize Plaintiff's face, image, or likeness.

16) Plaintiff has never been compensated, credited, or contractually acknowledged by the Defendants for the commercial exploitation of Plaintiff's physical identity.

17) The unauthorized usage of Plaintiff's face on the album cover of an AI-generated persona creates direct consumer confusion, falsely implying to the public that Plaintiff endorses, is affiliated with, or forms the physical basis of the AI persona Xania Monét.

18) On or about October 2025, Plaintiff discovered the unauthorized commercial exploitation of her face and immediately sent a formal written notice over social media, tagging the Defendants and demanding the immediate fix of the unauthorized use of her likeness and miscrediting.

19) Defendants failed to comply with the demands and refused to credit or alter the offending artwork.

20) On or about February–March 2026, Plaintiff emailed another formal written notice to fix the misappropriation and the unauthorized use of her likeness.

21) Defendants failed to comply with the demands, refused to credit or alter the offending artwork, continuously generated commercial revenues from the exploitation of the image, and subsequently instructed their legal counsel to contact Plaintiff, thereby refusing amicable administrative resolution.

X _____  04/10/2026
Signature